UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NOLAN R. CAMPBELL,       )
                         )
    Plaintiff,           )
                         )
vs.                      )   0:10-CV-60648-LSC
                         )
GRADY'S BAR, INC. d/b/a GRADY'S )
BAR & GRILL, et al.,     )
                         )
    Defendants.          )

MEMORANDUM OF OPINION AND ORDER

I.   Introduction.

The Court has for consideration a motion to dismiss, which was filed by the defendants, Grady's Bar, Inc. d/b/a Grady's Bar & Grill, and Copeland Real Estate, Inc., on June 3, 2010. (Doc. 5.) Plaintiff, Nolan Campbell, sued Defendants for violations of Title III of the Americans with Disability Act ("ADA"), 42 U.S.C. § 12181, *et. seq.* ("Title III"). Defendants' motion to dismiss has been briefed by both parties and is ripe for decision. Upon full consideration, the Court finds that Defendants' motion is due to be granted.

II. Standard.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations"; however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be

enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations omitted).[1] The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 570. Unless a plaintiff has "nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.*

"[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). And, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, --- U.S.

---

[1] In *Bell Atlantic Corp. v. Twombly*, the U.S. Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson*, 355 U.S. 41 (1957). *Bell Atl. Corp.*, 550 U.S. at 560-63. The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563.

----, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The U.S. Supreme Court has suggested that courts adopt a "two-pronged approach" when considering motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1950). Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1951-52). However, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364 (11th Cir. 1997).

III. Analysis.

Defendants argue that Plaintiff fails to properly plead sufficient facts showing that he has standing to pursue his ADA claims. Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). In order to state a claim under Title III, a plaintiff must allege: "(1) that [h]e is an individual with a disability; (2) that defendant[s are] a place of public accommodation; and (3) that defendants denied h[im] full and equal enjoyment of the goods, services, facilities or privileges offered by defendant (4) on the basis of h[is] disability." *Schiavo ex rel Schindler v. Schiavo*, 403 F.3d 1289, 1299 (11th Cir. 2005); *see also Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007); *Larsen v. Carnival Corp., Inc.*, 242 F. Supp. 2d 1333 (S.D. Fla. 2003). Only injunctive relief is available to individuals under Title III. 42 U.S.C. § 12188(a). And, the ADA provides that injunctive relief is available to "any person who is being subjected to discrimination on the basis of disability"

or who has "reasonable grounds for believing that such person is about to be subjected to discrimination." *Id.* § 12188(a)(1). Defendants contend that the Complaint does not allege sufficient facts to establish that Plaintiff suffered an actual injury (discrimination under the ADA) and/or a real threat of future injury.

An injury-in-fact must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Under Title III, "discrimination" includes: "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). In the Complaint, Plaintiff contends that he is a disabled individual, dependant on a wheelchair for mobility, and he "encountered illegal barriers to access, resulting in denial of full and equal access to the property and full enjoyment of the facilities, services, goods, and amenities within Grady's Bar & Grill." (Doc. 1 ¶ 3.) Plaintiff lists a number of alleged barriers and modifications that he contends violate the ADA. (*Id.* ¶ 15.) However, his assertions that these barriers "discriminat[ed] against" him, denied him

"full and equal access," and "personally limited" him are factually-deficient conclusions that must be set aside under *Iqbal*. (*Id.* ¶¶ 3, 13, 15.) Plaintiff does not allege any facts regarding his specific encounters with these barriers.

Plaintiff may not be required to personally encounter *every* barrier listed in his Complaint to obtain injunctive relief, *see Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002) (citing *Steger v. Franco, Inc.*, 228 F.3d 889 (8th Cir. 2000)), but the Complaint does not include any facts from which this Court can infer that Plaintiff could not fully enjoy Defendants' facilities, services, goods, and amenities because of his encounter with any of the barriers listed. For instance, there is no allegation that Plaintiff could not enter the establishment because a handicap-accessible ramp did not exist or was too difficult to maneuver, the doorway was not wide enough to accommodate his wheelchair, or he was unable to open the front/rear door because of the placement of door hardware. Perhaps Plaintiff was able to enter the establishment, but he could not find a place to eat because of the size or height of the bar/serving counter, width of the aisles, or inaccessible seating. This Court is left to

guess the manner in which Plaintiff suffered alleged discrimination under the ADA. Without sufficient facts to allege an actual injury, Plaintiff's Complaint fails to survive a motion to dismiss.

However, the Court disagrees with Defendants' argument that Plaintiff has not sufficiently pled facts supporting a threat of future injury. Plaintiff maintains that he "lives in the same county as the Subject Facility," "lives in close proximity to the facility," "intends on visiting the facility in the very near future," but "fears continued discrimination." (Doc. 1 ¶¶ 3, 14.) If Plaintiff included facts from which the Court could infer he actually encountered ADA discrimination in the form of barriers that prevented him from fully enjoying Defendants' facilities, services, goods, and amenities, his remaining allegations are sufficient for the Court to conclude that it is plausible Plaintiff will return to the subject facility and future discrimination is likely.

Defendants argue that Plaintiff's stated desire to return to Defendants' facility is not realistic or credible because he has filed a number of other Title III lawsuits, which include similar allegations against other defendants, in the last few months. At this stage of proceedings, "the

court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). Evidence of other lawsuits is improper for consideration at this time. Defendants may test Plaintiff's allegations through the discovery process and file a motion for summary judgment on the issue, if they believe such a motion is appropriate. However, even if it were proper to consider the purported lawsuits at this stage of proceedings, it is plausible that Plaintiff visited a number of businesses in his locale, wished to frequent each business, but encountered disability discrimination. All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

IV. Conclusion.

For the reasons outlined above, the Court finds that Defendants' motion to dismiss is due to be granted. However, "[a] district court, before dismissing a complaint with prejudice because of a mere pleading defect, ordinarily must give a plaintiff one opportunity to amend the complaint and to cure the pleading defect." *Stevens v. Premier Cruises, Inc.*, 215 F.3d

1237, 1239 (11th Cir. 2000) (citing *Isbrandtsen Marine Servs., Inc. v. M/V INAGUA Tania*, 93 F.3d 728, 734 (11th Cir. 1996)). Plaintiff has ten (10) days from the date of this Order to file an Amended Complaint, failing which this case will be dismissed.

Done this <u>12th</u> day of <u>July 2010</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297